IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONTA COVERT,                              :
                                           :
                        Plaintiff,         :         CIVIL ACTION NO. 18-848
                                           :
            v.                             :
                                           :
COMMONWEALTH OF                            :
PENNSYLVANIA,                              :
                                           :
                        Defendant.         :

## MEMORANDUM OPINION

Smith, J.                                                              April 5, 2018

 The *pro se* prisoner plaintiff has applied to proceed *in forma pauperis* in this purported action against the Commonwealth of Pennsylvania. Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss the complaint because (1) it consists of vague and disjointed allegations and, as such, does not comply with Rule 8 of the Federal Rules of Civil Procedure, (2) the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity, (3) *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) bars the plaintiff's claims to the extent that he is seeking to invalidate any underlying conviction or sentence, and (4) it appears that the two-year statute of limitations applicable to actions under 42 U.S.C. § 1983 bars his claims. While it is possible that allowing the plaintiff to file an amended complaint could fix some of the aforementioned deficiencies, he cannot avoid the Commonwealth of Pennsylvania's Eleventh Amendment immunity through amendment. Accordingly, the court will dismiss the complaint, but will not provide the plaintiff with leave to file an amended complaint because doing so would be futile.

# I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Donta Covert ("Covert"), filed an application to proceed *in forma pauperis* (the "IFP Application"), a prison account statement, and a proposed complaint under 42 U.S.C. § 1983 on February 17, 2018 (Doc. Nos. 1, 2).[1]  Covert failed to file a certified copy of his prisoner account statement for the entire six-month period prior to the filing of this civil action on February 17, 2018, as required by 28 U.S.C. § 1915(a); as such, the court entered an order on February 28, 2018, which (1) denied the IFP Application without prejudice, and (2) directed Covert, within 30 days of the date of this order, to either (a) file a certified copy of his prisoner account statement showing a balance and all activity for the six-month period from August 5, 2017, through February 8, 2018, or (b) remitting the $350.00 filing fee and $50.00 administrative fee to the clerk of court.[2]  *See* Order at 1-2, Doc. No. 3.  The clerk of court docketed a prisoner account statement from Covert, which substantially complied with the court's order.  Doc. No. 4.

In the complaint, Covert alleges the following facts:  "Notice incomplete disposition on secure 9-1-94 court summary date 9-1-94."  *See* Compl. at 3.  His purported injuries are: "Powerful impact to court transcripts."  *Id.*  For his requested relief, Covert seeks:

> Investigate claim negociate [sic] settlement request 20,000 monetary.  Post For exhibit other claims ultimely [sic] reason expsonge [sic], consent move gudge [sic] favor Maid Name.

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983.  *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it).  Here, Covert included a declaration with the complaint in which he states that he provided the complaint to prison authorities on February 17, 2018, for mailing to the clerk of court.  *See* Compl. at ECF p. 8, Doc. No. 1-1.

[2] Covert's account statement reflected account activity from only January 22, 2018, through February 5, 2018.  Doc. No. 2.

I notice exercise material could result inaccurate. Fraud beneficiary act in behalf unaware of. Enable discharge claim.

Consider exhibit secure docket court summary examine by gudge [sic].

*Id.* at 5-6.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must]

review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Application and inmate trust fund account statement, it appears that Covert is unable to pay the costs of suit. Therefore, the court will grant the IFP Application and provide Covert with leave to proceed *in forma pauperis* in this action.[3]

**B.** **Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Covert leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the review under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

---

[3] The court previously advised Covert that since he is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court ultimately dismisses this action. *See* Order at 2, Doc. No. 3.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). The court may also consider matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The court may further dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (indicating that "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint" and concluding that dismissal was inappropriate because the plaintiff's failure to exhaust was not apparent from the face of the complaint); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) (per curiam) (explaining that "a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint").

In addition, the court has the authority to examine the court's subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an

objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  As a plaintiff commencing an action in federal court, Russell bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006))).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian v. St. Mary's Med. Ctr.*, No. CIV. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Here, Covert's complaint fails to comply with Rule 8 insofar as it does not provide enough information to "ensure that the Court is sufficiently informed to determine the issue."  *Id.* Instead, the complaint consists of a series of disjointed words and phrases that do not give rise to any clear basis for a claim against the Commonwealth of Pennsylvania.[4]  For that reason alone, the court must dismiss the complaint.

---

[4] This is the second of three section 1983 complaints that Covert has filed since the beginning of February 2018.  All of the complaints suffer from the same failure to comply with Rule 8.  *See* Am. Compl., *Covert v. County Prison Med. Dept., et al.*, No. CIV. A. 18-550, Doc. No. 3; Compl., *Covert v. Penn Medicine-Unerversity* [sic] *Penn Hosp.*, No. CIV. A. 18-1273, Doc. No. 1-1.

There are other issues with the complaint which mandate its dismissal. The primary issue is that Covert is improperly attempting to sue the Commonwealth of Pennsylvania in federal court. In this regard, the Eleventh Amendment

> has been interpreted to render states — and by extension, state agencies, departments, and officials when the state is the real party in interest — generally immune from suit by private parties in federal court. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Immunity under the Eleventh Amendment is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officials for prospective injunctive and declaratory relief to end an ongoing violation of federal law. *Id. See also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) (state may waive immunity); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56 (1996) (Congress may abrogate immunity); *Ex parte Young*, 209 U.S. 123 (1908) (prospective injunctive and declaratory relief).

*Ngyuen v. Commonwealth of Pa.*, No. CIV. A. 15-5082, 2016 WL 2755596, at *3 (E.D. Pa. May 12, 2016).[5]

As for the first exception to Eleventh Amendment immunity, Congress did not intend to abrogate Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). Concerning the second exception, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the

---

[5] The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996).

United States."); *see also Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity). As for the final exception, Covert has not identified any state official as a defendant, he does not expressly indicate that he is seeking injunctive relief or declaratory relief (much less that any such injunctive or declaratory relief is prospective in nature), and "*Ex parte Young* does not apply . . . where the defendant claiming immunity is not a state officer, but the state itself." *Frompovicz v. Pa. Dep't of Envtl. Prot.*, No. CIV. A. 17-2790, 2018 WL 1444168, at *3 (E.D. Pa. Mar. 22, 2018). Accordingly, the Eleventh Amendment precludes this court from exercising jurisdiction over this section 1983 action against the Commonwealth of Pennsylvania.

Although the Eleventh Amendment bar is determinative and justifies dismissing this action without providing Covert with leave to amend, the court will address two other issues with the complaint that warrant its dismissal. The first issue is that because of the vague and disjointed nature of Covert's claim, the court cannot discern whether it is cognizable under section 1983. In his vague statement of facts, Covert seemingly alludes to an underlying criminal matter and mentions the words discharge and expunge. To the extent that Covert is seeking the challenge a conviction or sentence, the court notes that

> to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (alteration to original). Thus,

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

As nothing in the complaint explicitly states or otherwise suggests that any of Covert's past convictions and sentences have been reversed, expunged, or otherwise invalidated, Covert may not challenge the convictions under section 1983. In other words, Covert cannot raise claims challenging the constitutionality of any aspect of the legal proceedings leading to his convictions, or the failure of the state courts to vacate those convictions.

The final potential issue with the amended complaint involves the distinct possibility that the statute of limitations bars Covert's claims insofar as he is referencing events in the complaint that appear to have occurred in 1994. The statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since Covert's claims arose in Pennsylvania, the court applies Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (alteration to original). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391. Thus, to the extent that Covert is complaining about conduct that occurred in 1994, the statute of limitations would have expired well before two years prior to the filing of the original complaint in this case. Nonetheless, given the disjointed and vague manner in which Covert has pleaded the complaint and amended

complaint, the court cannot determine at this time whether he has raised a timely claim for relief under section 1983.

## C.      Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Although Covert could potentially cure some of the deficiencies by clarifying the allegations in the complaint, he cannot plead around the Commonwealth of Pennsylvania's Eleventh Amendment immunity. Since allowing Covert to file an amended complaint would be futile, the court will not provide him with leave to file an amended complaint.

## III.      CONCLUSION

The complaint fails to satisfy Rule 8(a)'s requirement to set forth a statement of the claim showing that Covert is entitled to any relief in this case. At bottom, the court cannot determine what happened to Covert, who did it, when and where it occurred, and what injuries he actually suffered as a result of this conduct. It also appears that (1) the statute of limitations bars Covert's claims insofar he is complaining of actions that occurred in 1994, and (2) *Heck* bars any attempt to challenge any conviction or sentence because he has not alleged that they have been somehow invalidated. Most importantly, this court lacks subject-matter jurisdiction to consider Covert's claims against the Commonwealth of Pennsylvania because Eleventh Amendment bars his

claims.  Therefore, the court will dismiss the complaint and will not provide Covert with leave to

file an amended complaint because any amendment would be futile.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.